**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stephen James HARRIS, Defendant-
Appellant.**

**No. 71–2268.**

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1972.

---

\* We decline to follow United States v. Haywood, 284 F.Supp. 245 (E.D.La.1968).

Jerry E. Berg, of Collins, Hays, Stewart, Berg, Pott & Sanford, Inc., San Jose, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty. & Chief, Criminal Div., Frederic F. Tilton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY and HUFSTEDLER, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

The argument made in support of the appeal is imaginative, but it fails. Appellant following the expiration of a student deferment was classified 1–A late in 1968. In March 1969 he made an application for voluntary induction and in April was ordered to report. He twice failed to report and the indictment followed.

 Appellant now claims that his application for a voluntary induction was in fact an offer for a unilateral contract subject to revocation at any time prior to acceptance; that the acceptance could only be the act of induction; and that hence when appellant refused to report for induction he revoked his offer and the order to report based on it became invalid.

This contract approach ignores the fact that duties under the Selective Service System are not consensual.[1]

Young males in the United States have a contingent obligation to serve in the armed forces. The contingent obligation ripens into a fixed obligation (with minor exceptions) when the induction order issues. One who would defeat a criminal prosecution for failing to report on the ground that the induction order is invalid must point out

some failure on the part of the Selective Service System to perform the duties enjoined upon it by statute or regulation. When a young male volunteers for induction, as he is permitted to do,[2] the board is no longer governed by the rules precedent to the induction order which apply to the non-volunteers but by a different set.[3] The volunteer who would invalidate an induction order must do what the non-volunteer would be required to do, and that is point to some failure on the part of the Selective Service System to follow the law. Appellant points to no violation of any law which governed him in his volunteer status.

The judgment is affirmed.

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

1. We cannot believe that Congress in enacting 50 U.S.C. § 454(c) (3), or the Selective Service System in adopting 32

C.F.R. §§ 1630.1–1630.5, had hidden intentions to incorporate into law a unilateral contract concept which would be disruptive of the orderly conduct of the system.

2. 50 U.S.C. App. § 454(c) (3).

3. 32 C.F.R. § 1630.1–1630.5.