**Larry KUHNHOFFER, Plaintiff,**

v.

**NAPERVILLE COMMUNITY SCHOOL DISTRICT 203, and Michael L. Kiser, Individually, Defendants.**

**No. 90 C 4234.**

United States District Court, N.D. Illinois, E.D.

March 7, 1991.

William J. Provenzano, William J. Provenzano & Associates, Libertyville, Ill., Dennis R. Favaro, Thill, Kolodz & Favaro, Palatine, Ill., for plaintiff.

Michael R. Grimm, Jeffrey R. Zehe, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff in this case alleges that he was terminated in violation of his constitutional right to due process. Defendants contend that plaintiff did not have a contract of employment. Based on this contention, defendants have moved to dismiss plaintiff's complaint. For the reasons stated herein, defendants' motion to dismiss is granted.

## I. FACTS

From 1979 to 1988, plaintiff Larry Kuhnhoffer was employed as a school bus driver for defendant Naperville Community School District 203 ("School District"). At the end of each particular school year, Kuhnhoffer received a letter from the School District thanking him for his work during the year and inviting him to return as a bus driver for the following year. On May 27, 1988, Kuhnhoffer received the following letter from the School District:

Dear Mr. Kuhnhofer [1]:

Thank you for your work for Naperville students during the 1987/88 school year. We appreciate your efforts and recognize the important role which you play in the District's educational program.

Based upon your performance this year and the staff needs which we anticipate at this time, we are looking forward to your return to your position for the 1988/89 school year.

I hope that you will find your summer to be enjoyable and rewarding. If I can be of any assistance, please do not hesitate to call me.

Sincerely,
(signed)
Dr. Michael L. Kiser
Assistant Superintendent
for Personnel

On July 26, 1988, just two months after he received that letter, Kuhnhoffer was arrested by the Naperville Police Department for driving under the influence of alcohol. Kuhnhoffer refused to submit to a breathalyzer test upon his arrest.

Shortly after Kuhnhoffer was arrested, the Office of the Illinois Secretary of State ("Secretary of State") notified the Illinois State Board of Education ("Board of Education") that Kuhnhoffer would begin serving a six-month summary suspension of his driving privileges on September 10, 1988.[2] The Board of Education, in turn, notified the DuPage County Educational Service Region that Kuhnhoffer's bus driver's permit would be suspended as of September 10, and that he would not be eligible to reapply for his permit until March 11, 1992. Michael L. Kiser, Assistant Superintendent of the School District, received the same notification from the Board of Education.

The 1988–89 school year was scheduled to begin on August 25, 1988, and all school bus drivers were to report to work on or

---

1. In the briefs and supporting exhibits submitted in connection with the motion to dismiss, the parties have spelled plaintiff's name two different ways: Kuhnhoffer and Kuhnhoffer. Unable to determine which is the correct spelling, the court, for purposes of this opinion, shall follow the caption of the amended complaint and refer to plaintiff as "Kuhnhoffer."

2. Under Ill.Rev.Stat. ch. 95½, para. 6–208.1(a) (1989), an individual whose driver's license is summarily suspended for refusing to take a breathalyzer test is not eligible for restoration of driving privileges until six months from the date of the suspension.

before August 24, 1988. Approximately two weeks before the start of the school year, Kiser informed Kuhnhoffer that he would not be hired as a school bus driver because of the DUI arrest.

Claiming that his employment was terminated without due process, Kuhnhoffer filed this lawsuit against the School District and Kiser pursuant to 42 U.S.C. § 1983. In Counts I and II of his three-count amended complaint, Kuhnhoffer asserts due process claims against the School District and Kiser respectively. Count III asserts a pendent state law claim for breach of implied contract. Defendants now move to dismiss the complaint in its entirety.

## II. DISCUSSION

As with any procedural due process claim, Kuhnhoffer must first establish that he has a property interest in his employment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Kuhnhoffer cannot claim a property interest based on a unilateral expectation of employment; he must have a "legitimate claim of entitlement." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Kuhnhoffer bases his alleged property interest on the May 27 letter sent by Kiser. According to Kuhnhoffer, that letter, coupled with the parties' course of dealing over the previous nine years, was sufficient to create an implied contract of employment. Kuhnhoffer is correct in asserting that property interests may be created by express or implied contracts. *Farmer v. Lane*, 864 F.2d 473, 478 (7th Cir.1988); *Vail v. Board of Educ.*, 706 F.2d 1435, 1437 (7th Cir.1983), *aff'd*, 466 U.S. 377, 104 S.Ct. 2144, 80 L.Ed.2d 377 (1984). But Kuhnhoffer's argument presupposes that the parties had an existing employment agreement. Defendants have denied that a contract was ever formed. They contend that the May 27 letter did not constitute an offer, but rather was a mere "invitation" for possible future employment. This distinction appears to be one of semantics. At any rate, the question of whether the letter

constituted an offer need not be resolved. Assuming, without deciding, that the letter was an offer of employment, the court finds that the offer was properly revoked prior to acceptance.

 This case involves the principles of the unilateral contract. A unilateral contract arises from a promise made by one party in exchange for the other party's act or performance. *Greene v. Oliver Realty, Inc.*, 363 Pa.Super. 534, 526 A.2d 1192, 1194 (1987). The School District offered to employ Kuhnhoffer in exchange for Kuhnhoffer's performance; the offer did not solicit a return promise from Kuhnhoffer (and none was given). Because an offer for a unilateral contract is accepted by performance, *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 797 F.2d 370, 380 (7th Cir.1986), *cert. denied*, 480 U.S. 934, 107 S.Ct. 1574, 94 L.Ed.2d 765 (1987), the School District was not contractually bound until Kuhnhoffer commenced performing. *Redd v. Woodford County Swine Breeders, Inc.*, 54 Ill.App.3d 562, 566, 12 Ill.Dec. 529, 532, 370 N.E.2d 152, 155 (1977).

The School District was free to revoke the offer any time prior to acceptance. *United States v. Harris*, 325 F.Supp. 1122, 1124 (N.D.Cal.1971), *aff'd*, 453 F.2d 862 (9th Cir.1972). After learning that Kuhnhoffer's license would be suspended for six months, the School District promptly notified Kuhnhoffer that he would not be hired as a bus driver for the 1988–89 school year. This action, which constituted a revocation of the offer, was certainly justified. After all, school bus drivers must have a valid driver's license. Ill.Rev.Stat. ch. 95½, para. 6–106.1 (1989). Kuhnhoffer could not maintain a bus driver's permit if his driver's license was suspended. *Id.* Without a valid driver's license, Kuhnhoffer could not fully perform his end of the bargain.

As it turns out, Kuhnhoffer's license was never actually suspended; the Secretary of State rescinded the order of suspension on September 8, 1988. Kiser did not receive word of this fact until September 15, roughly three weeks after the start of the school year. Nonetheless, it is irrelevant

that the suspension was ultimately rescinded because the School District revoked its offer of employment prior to acceptance by Kuhnhoffer.

In short, Kuhnhoffer did not have an employment contract with the School District. In the absence of a binding agreement between the parties, Kuhnhoffer does not possess a claim of entitlement to his job. This conclusion is not altered by the fact that Kuhnhoffer worked for the School District the previous nine years. "Employment for a number of years in the same job position does not give one a contractual right to continued employment in that same position absent a special statute." *Smith v. Board of Educ.*, 708 F.2d 258, 264 (7th Cir.1983). Kuhnhoffer entertained nothing more than an expectation of future employment. And it is well settled that "a mere subjective and unilateral expectancy is not protected by due process." *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 612 n. 4 (7th Cir.1989) (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709).

Since Kuhnhoffer does not have a property interest in his employment, his due process claims set forth in Counts I and II of the amended complaint are dismissed. All that remains is a state law claim for breach of implied contract (Count III). Having disposed of the federal claims, which provided the sole basis for federal jurisdiction, the court dismisses the state law claim for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss.

IT IS SO ORDERED.

